905 P.2d 1029

**Chester A. WALBORN, Plaintiff–Respondent,**

v.

**Mary D. WALBORN, n/k/a Mary Young, Defendant–Appellant.**

**No. 21410.**

Supreme Court of Idaho,
Boise, Sept. 1995 Term.

Nov. 7, 1995.

Cosho, Humphrey, Greener & Welsh, P.A., Boise, for appellant. Scott A. Tschirgi argued.

Hall & Friedly, Mountain Home, for respondent. Jay R. Friedly argued.

JOHNSON, Justice.

This case concerns the limits on income tax withholdings from a military retiree's pension under the Uniformed Services Former Spouses' Protection Act (USFSPA). Pub.L. No. 97–252, Tit. X, § 1001, 96 Stat. 730 (1982) (prior to 1990 amendment). We conclude that under this version of USFSPA a military retiree may not have income taxes withheld from a military pension at a rate greater than the retiree's projected effective tax rate.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Mary Young (Mary) and Chester Walborn (Chester) were divorced in 1980 after nine years of marriage. Chester retired from the military shortly thereafter and started collecting military retired pay. He also began working as a stockbroker.

Under USFSPA, states are allowed to treat a military retiree's "disposable retired pay" as community property. *Mansell v. Mansell*, 490 U.S. 581, 589, 109 S.Ct. 2023, 2029, 104 L.Ed.2d 675 (1989). On remand at the conclusion of an earlier appeal, *Walborn v. Walborn*, 120 Idaho 494, 817 P.2d 160 (1991), the magistrate judge held that Mary was entitled to fifteen percent of Chester's disposable retired pay. The version of USFSPA in effect at that time defined disposable retired pay as the total monthly retired pay less amounts "properly withheld" for federal, state or local income tax purposes. 10 U.S.C. § 1408(a)(4)(C) (1982).

Mary subsequently requested a hearing at which she challenged the amounts withheld from Chester's military retired pay at his request over the past five years. In 1992 for example, although Chester's military retired pay was only twenty-nine percent of his adjusted gross income, forty-five percent of his federal income tax liability was withheld from his military pension. The magistrate judge agreed that Chester could not decrease the amount of his disposable retired pay, and hence Mary's fifteen percent interest, in this manner. The magistrate judge held that Chester was liable to Mary for fifteen percent of his "net disposable retirement pay" and that he could have withheld from his military pension "only those taxes outlined in 10 U.S.C. § 1408 that are attributable to his military retirement pay."

Chester appealed to the district court. The district court reversed the magistrate judge's ruling, holding that federal law allowed Chester to increase the withholdings from his military retired pay to satisfy his tax liability on his combined income. Mary appealed.

## II.

## UNDER USFSPA, A MILITARY RETIREE CANNOT HAVE INCOME TAXES WITHHELD FROM A MILITARY PENSION USING A RATE GREATER THAN THE RETIREE'S PROJECTED EFFECTIVE TAX RATE.

■ Mary argues that Chester cannot disproportionately or arbitrarily increase the amount of withholdings from his military retired pay to satisfy a tax liability on his combined income. We agree to the extent the increase exceeds the amount of tax calculated using the retiree's projected effective tax rate.

Although Mary couches her appeal in terms of whether Chester's withholding practice violates due process, she is not actually seeking procedural redress or a declaration that USFSPA is unconstitutional. The important question Mary does raise and which the Court must answer is how much Chester can have withheld from his military retired pay under USFSPA and its implementing regulations. Before turning to this question, we note that Congress has since amended USFSPA so that income tax withholdings can no longer be deducted from the total military retired pay in determining disposable retired pay. 10 U.S.C. § 1408(a)(4) (1990). Because the amendment applies only to divorces that became final after February 1991, however, we must determine the extent of permissible withholdings under the earlier version of USFSPA.

The version of USFSPA applicable to this case defines a military spouse's disposable retired pay as follows:

(4) "Disposable retired or retainer pay" means the total monthly retired or retainer pay to which a member is entitled ... less amounts which—

. . . .

(C) are properly withheld for Federal, State or local income tax purposes, if the withholding of such amounts is authorized or required by law and to the extent such amounts withheld are not greater than would be authorized if such member claimed all dependents to which he was entitled;

(D) are withheld under section 3402(i) of the Internal Revenue Code of 1954 (26 U.S.C. 3402(i)) if such member presents evidence of a tax obligation which supports such withholding[.]

10 U.S.C. § 1408(a)(4) (1982). Internal Revenue Code § 3402(i) provides "for increases in the amount of withholding otherwise required under this section in cases where the employee requires such changes." Along these same lines, the Secretary of Defense promulgated a regulation permitting the deduction from military retired pay of

[f]ederal employment taxes and income taxes withheld to the extent that the amount deducted is consistent with the member's tax liability, including amounts for supplemental withholding under 26 U.S.C. 3402(i), when the member presents evidence to the satisfaction of the designated agent that supports such withholding.

32 C.F.R. § 63.6(e)(2)(iv) (1993). There is no evidence in the record as to how Chester increased his withholdings or whether he

presented evidence of an additional tax obligation to a designated agent.

The language used in 10 U.S.C. §§ 1408(a)(4)(C) and (D) indicates that when computing a military retiree's disposable retired pay the income tax withholding was not to be without limit. Section 1408(a)(4)(C) limits the withholdings by the number of dependents, while § 1408(a)(4)(D) requires evidence of a "tax obligation" to support the increased withholdings. Moreover, we generally recognize that the purpose of deducting taxes from wages at the source is to withhold the approximate amount of the ultimate tax liability which will be imposed on that income. With these considerations in mind, the question becomes how to calculate the "tax obligation" that will be imposed on Chester's military retired pay.

Confronted with the identical issue, the federal comptroller general held that a military retiree cannot have withholdings from retired pay at a rate greater than the retiree's "projected effective tax rate." *Matter of: Uniformed Services Former Spouses Protection Act,* 63 Comp.Gen. 323, 328 (1984). The projected effective tax rate is the ratio of the anticipated total income taxes to the anticipated total gross income. This is distinguished from the marginal rate, which is the rate at which additional income is taxed under the progressive tax code.

 We find the comptroller general's reasoning persuasive and likewise conclude that a military retiree may not have withholdings from his retired pay by using a rate exceeding the projected effective tax rate. Allowing withholding at an effective rather than a marginal tax rate takes into account the increased tax burden imposed on the retired pay because of civilian earnings which may move the military retiree into a higher tax bracket, but still prevents a disproportionate shifting of the tax burden onto the retired pay. A projected effective tax rate provides the best estimate of the ultimate tax obligation which will be imposed on the retired pay.

Thus, Chester's effective federal tax rate for 1992 for example, would be 20.52%, which is his total federal taxes of $33,008 divided by his total adjusted gross income of $160,790.

Applying a 20.52% effective tax rate to his pension of $46,145 would result in a withholding from his retired pay of $9,468. The result is that the amount withheld from the retired pay is twenty-nine percent of Chester's total federal tax liability, which mirrors the percentage of gross income that the retired pay comprises. The amount actually withheld from Chester's military retired pay in 1992 was $14,924, resulting in an excess withholding of $5,456.

### III.

### CONCLUSION.

We reverse the order of the district judge and remand to the magistrate judge for a determination of the amount of the excess withholdings for the years at issue.

We award costs on appeal to appellant. There was no request for attorney fees.

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., concur.